Shauck, J.
The facts found by the circuit court leave no occasion to doubt that on October 23, 1901, Edward W. Dow conveyed the premises to his wife, Cora E. Dow, for a valuable consideration by her paid and promised; that the amount thereof and the assumption of the mortgage now held by the defendant, Hill, constituted a full consideration for the property; that on March 30, 1903, she paid to her husband the balance of said consideration and that on April 8, 1903, out of moneys so paid to him by his wife Dow paid to the bank all that he then owed to it. Her title was therefore valid as against the bank.
But both the record and the opinion of the circuit court indicate that its judgment adverse to her was upon the view that she was equitably estopped to assert a title against the bank because, although she received the deed for the property October 23, 1901, before the husband contracted his later debts to the bank, she did not place it upon record until January, 1907, after he had obtained further credit upon which the bank recovered the judgment for whose satisfaction it seeks to subject the property, and that he secured such credit by making a statement of his property in which he included the real property in controversy. Counsel for Mrs. Dow present the unquestionably sound view that the facts out of which an equitable estoppel is claimed to arise must be pleaded if there is opportunity, and there was opportunity in the present case. But we cannot learn that there was objection in the circuit court to the evidence offered by the bank to establish *180 those facts. The case appears to have been tried there upon a transcript of the evidence offered upon the previous trial in the court of common pleas, but of course, objections interposed and exceptions taken below were waived if not renewed upon the trial in the appellate court.
The facts out of which the estoppel is said to arise are that she failed to place her deed upon record because she did not appreciate the necessity of doing so, and that without her knowledge he obtained credit from the bank by falsely representing that he owned the property, and that by reason of her failure to have her deed recorded the record did not furnish information that the representation was false. A statement of the doctrine of equitable estoppel invoked in this case made by Lord Denman has been often approved. It is: “Where one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.” In this statement of the doctrine the adverb “wilfully” signifies the knowledge and understanding by the one making the representation that it will be acted upon. The doctrine is plainly inapplicable to the present case because Mrs. Dow did not make any representation, she did not know that the representation made by her husband would be acted upon by the bank nor even that the representation had been *181 made.. There can be no estoppel by silence in the present case, because the bank made no inquiry which called upon her to speak. Morgan v. Spangler, 14 Ohio St., 102; Beardsley v. Foot, Id., 414.
The inference which the circuit court drew from Mrs. Dow’s failure to file her deed for record is clearly, though impliedly, forbidden by Section 8543, General Code. Our recording act itself makes the requirement that deeds shall be recorded and it defines the consequence of a failure to comply with that requirement. That consequence in the language of the section referred to is “until so recorded and filed for record, they (deeds) shall be deemed fraudulent, so far as relates to a subsequent bona ñde purchaser having at the time of purchase no knowledge of the existence of such former deed or instrument.” This provision of the statute must be accepted as exclusively defining the consequences which follow a failure to file a deed for record, and there being mere neglect, unaccompanied by any fraudulent conduct or representation on the part of the grantee, no right can accrue to anyone other than such bona ñde purchaser. That a deed thus remaining unrecorded is not deemed fraudulent as to persons other than subsequent bona ñde purchasers without notice was held by this court in Wright v. Franklin Bank, 59 Ohio St., 80. Indeed the proper judgment to be rendered upon the facts which conclusively appear in this record is so apparent from our previous decisions that this *182 report seems to be a contribution to libraries rather than a presentation of our views upon the subject.

Judgment reversed and judgment for plaintiff in error.

Davis, C. J., Spear, Johnson, Donahue and O’Hara, JJ., concur.